UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| H&R BLOCK DIGITAL TAX SOLUTIONS, LLC | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| RICHARD L. BRAMAN, JR. | ) ) |
| Defendant. | ) |

Case No. 07-0058-CV-W-JTM

## COMPLAINT FOR DECLARATORY RELIEF

H&R Block Digital Tax Solutions, LLC (hereinafter referred to as "H&R Block") brings this cause of action for declaratory relief against defendant Richard L. Braman, Jr. ("Defendant") to resolve disputed issues that have arisen between the parties. Defendant contends that he owns exclusive rights in the claimed trademark, "Refund Card," based upon his alleged use of the term beginning in 2004. Defendant further asserts that H&R Block knowingly and willfully infringed his rights in the phrase in an effort to drive him out of business. Defendant's assertions purport to be based on H&R Block's use of the phrase "Refund Card". Defendant's claims are without merit.

In fact, as used by Defendant, the term "Refund Card" is merely descriptive or generic and not subject to trademark protection. Indeed, Defendant's own application to register the disputed phrase as a trademark with the PTO (Defendant's "Application") has been rejected by the PTO on this very basis. Furthermore, H&R Block has never used the term "Refund Card" in a manner that has caused or would be likely to cause confusion with respect to Defendant. Nor has H&R Block acted with any wrongful intent to injure Defendant. Accordingly, H&R Block is

entitled to a judicial declaration that its use of the phrase "Refund Card" does not infringe any right of Defendant or otherwise violate applicable law.

This action for declaratory judgment is brought under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedures for the purpose of determining a substantial and actual controversy between the parties concerning Section 32 of the Lanham Act, 15 U.S.C. §1114.

## THE PARTIES

1. Plaintiff H&R Block Digital Tax Solutions, LLC is a Delaware corporation. H&R Block Digital Tax Solutions, LLC's principal office is located at One H&R Block Way, Kansas City, MO 64105. H&R Block Digital Tax Solutions, LLC is a subsidiary of H&R Block, Inc. and is part of a family of companies that collectively make up the largest provider of individual income tax preparation services in the United States.

2. Upon information and belief, Defendant Richard L. Braman, Jr., is an individual residing at 19752 N. Riverside Drive, Tequesta, Florida 33469.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §1338(b), and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57. This Court has jurisdiction over the subject matter of this action pursuant to Lanham Act, 15 U.S.C. §1121.

4. A substantial part of the events giving rise to H&R Block's claim for declaratory relief occurred in this district. The principal location of H&R Block's business is in this district. Venue is therefore proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

### H&R Block's Use of the Phrase "Refund Card"

5. H&R Block has been using the term "refund" in connection with its services for many years. *See, e.g.,* PTO Registration No. 1502530 (trademark registration of "Rapid Refund" mark).

6. In or around 2006, H&R Block made limited use of the phrase "Refund Card" in connection with magnetically encoded debit, credit and/or prepaid cards to which an H&R Block tax preparation customer's tax refund could be credited.

7. H&R Block also intended to continue to use the phrase "Refund Card" in connection with the described refund card program in 2007.

8. H&R Block's refund card program was and is offered to consumers in Missouri.

9. To preserve its rights in connection with the phrase "Refund Card," on April 27, 2006, H&R Block filed an application with the PTO for the term "Refund Card." A true and correct copy of H&R Block's Application, obtained from the PTO website, is attached as Exhibit 1.

10. On September 30, 2006, the PTO issued a Non-Final Office Action preliminarily refusing H&R Block's Application based upon its finding that the phrase "merely describes the goods and services." A true and correct copy of this Non-Final Office Action, obtained from the PTO website, is attached as Exhibit 2.

11. To date, H&R Block has not responded to the Non-Final Office Action and no Final Office Action has issued regarding its Application. H&R Block does not presently intend to oppose the PTO's determination.

### Defendant's Use of the Phrase "Refund Card"

12. Defendant contends that he began using the phrase "Refund Card" in 2004.

13. On information and belief, Defendant used the phrase to describe a magnetically encoded debit card Defendant offered to consumers to which the consumer's tax refund could be credited.

14. On information and belief, Defendant offered the described refund cards to consumers in Missouri.

15. On further information and belief, Defendant has ceased offering the described refund card program. Despite his apparent abandonment of the refund card business, Defendant continues to claim rights to the phrase "Refund Card."

16. On March 31, 2006, Defendant filed a trademark application with the PTO for the phrase "Refund Card." A true and correct copy of Defendant's Application, obtained from the PTO website, is attached as Exhibit 3.

17. On September 18, 2006, the PTO issued a Non-Final Office Action refusing Defendant registration of the phrase "Refund Card" on the basis that the term "merely describes the nature of [Defendant's] goods." A true and correct copy of the PTO's Non-Final Rejection of Defendant's Application, obtained from the PTO website, is attached as Exhibit 4.

As the PTO explained:

> In this case, applicant has applied to register the mark REFUND CARD for goods identified as "magnetically encoded debit cards." The definition of REFUND is: "To give back, especially money; return or repay." The definition of CARD is: "A flat, usually rectangular piece of stiff paper, cardboard, or plastic, especially . . . a magnetic card." The American Heritage® Dictionary of the English Language, Fourth Edition Copyright © 2000 by Houghton Mifflin Company. Combined as the mark REFUND CARD, the mark immediately describes the nature of the goods, namely, that the goods comprise a magnetic card used to obtain refunds. It is noted that the specimen made of record by applicant states that users may choose to "receive your tax refund on the Refund Card . . . ."

*See* Exhibit 4.

4

18. On October 23, 2006, Defendant filed a response to the PTO's Non-Final Rejection. A true and correct copy of Defendant's Response, obtained from the PTO website, is attached as Exhibit 5.

19. On November 28, 2006, the PTO issued a Final Office Action denying Defendant's Application to register the phrase "Refund Card" as a trademark. By this Office Action, the PTO found that Defendant's Response was "unpersuasive" and made final its determination that the phrase "Refund Card" as used by Defendant is merely descriptive and not subject to trademark protection. A true and correct copy of the PTO's Final Rejection of Defendant's Application, obtained from the PTO website, is attached as Exhibit 6.

20. As the PTO's findings confirm, Defendant's use of the term "Refund Card" is merely descriptive or generic and not entitled to protection as a trademark.

21. Furthermore, H&R Block's use of the phrase "Refund Card" has not caused and is not likely to cause consumer confusion with respect to Defendant.

22. In addition, H&R Block never intended to interfere with Defendant's use of the phrase "Refund Card" nor with Defendant's business. Indeed, H&R Block was not aware of any prior use of the phrase by Defendant when H&R Block began using the term in 2006.

23. Accordingly, Defendant's contention is incorrect that H&R Block's use of the phrase "Refund Card" infringes or would infringe upon what he claims is his trademark.

24. Given the above reasons, H&R Block's use and proposed use of "Refund Card" is not material, misleading or likely to cause consumer confusion and is not otherwise actionable.

## DEFENDANT'S ACCUSATIONS AND THREATENED LITIGATION

25. On October 23, 2006, Defendant contacted outside counsel for H&R Block by telephone in this judicial district and asserted that he was the owner of a trademark in the phrase "Refund Card."

26. Defendant did not disclose in the call that his Application had been rejected by the PTO on the grounds that his use of the phrase is merely descriptive.

27. In the October call, Defendant claimed that H&R Block intentionally infringed his rights in the phrase "Refund Card," insisted that H&R Block cease its use of the phrase and further asserted an entitlement to damages and attorneys fees.

28. Since the October 23, 2006 telephone conversation, H&R Block, through counsel, has had numerous conversations with Defendant to discuss his contentions that he owns exclusive rights in the phrase "Refund Card" and that H&R Block has violated these rights.

29. In these communications, H&R Block has explained its position that Defendant's use of the phrase cannot, as a matter of law, support his claimed trademark rights in the term and that, in any event, H&R Block's use of the phrase would not otherwise support any infringement claim by Defendant.

30. Nevertheless, Defendant has persisted in his accusations against H&R Block for trademark infringement and his claimed right to relief for the supposed infringement, including that H&R Block cease use of the phrase and pay Defendant compensation.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment

31. H&R Block hereby incorporates paragraphs 1 through 30 as fully stated herein.

32. An actual and substantial controversy exists between the parties concerning whether or not H&R Block's use of the phrase "Refund Card" violates the Lanham Act or any other federal or state law.

33. Resolution of this actual controversy is essential in order for H&R Block to determine whether it may continue to use the term "Refund Card" without fear that it is violating any claimed rights of Defendant.

34. H&R Block has no other plain or speedy remedy at law.

35. H&R Block asks this Court for a declaration that its use of the phrase "Refund Card" is not actionable as asserted by Defendant, and that it has not violated and does not violate any federal or state law as Defendant has accused.

## PRAYER FOR RELIEF

WHEREFORE, H&R Block requests judgment as follows:

A. Declaring that the H&R Block's use of the phrase "Refund Card" has not violated and does not violate any federal or state law;

B. Awarding H&R Block costs of this action and its reasonable attorneys' fees; and

C. Granting H&R Block such other further relief as the Court may deem just and proper.

Respectfully submitted,

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP


By: /s/ Anthony J. Durone
    Anthony J. Durone    MO Bar #43872
    Stacey R. Gilman    MO Bar #55690
    Logan W. Overman    MO Bar #55002
    2600 Boulevard, Suite 1200
    Kansas City, Missouri 64108
    Telephone: (816) 561-7007
    Facsimile: (816) 561-1888

ATTORNEYS FOR PLAINTIFF